FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

98 MAR 10 AM 9:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| GEORGE WEEKS and ANN WEEKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CV 96-PT-2228-S |
| | ) | |
| PUCKETT INSURANCE SERVICES, INC., et al., | ) | **ENTERED** |
| | ) | |
| Defendants. | ) | MAR 1 0 1998 |

## Memorandum Opinion

This cause comes on to be heard on a motion for withdrawal of reference of the present adversary proceeding from the United States Bankruptcy Court of the Northern District of Alabama filed by defendant Alexander Hamilton Life Insurance Company ("Alexander Hamilton") on August 28, 1997.

### Background

The plaintiffs, George Weeks and Ann Weeks ("the Weeks") initially filed this action in the Circuit Court of Green County, Alabama, alleging fraud and breach of contract arising out of a life insurance policy sold him by defendant Stephen Puckett ("Puckett") on January 22, 1997. Purportedly unknown to the plaintiffs and defendant Alexander Hamilton, Puckett was the debtor in an ongoing Chapter 13 bankruptcy action filed on December 13, 1996. On April 11, 1997, Hamilton allegedly learned of the bankruptcy proceeding through a motion to stay filed in the state court. On May 12, 1997, Alexander Hamilton filed a notice of removal to the United States



Bankruptcy Court for the Northern District of Alabama asserting that bankruptcy jurisdiction exists under 28 U.S.C. § 1334, in which its co-defendants joined. The plaintiffs filed a motion to remand, on June 9, 1997, in response to Alexander Hamilton's attempt at removal.

Soon after the case was filed, the plaintiffs indicated to the bankruptcy court that, if they prevailed in their action against the defendants, they would initially not seek damages against Puckett's estate, instead first targeting his liability insurance. Only if the liability insurance failed to satisfy the judgment would the plaintiffs seek relief against Puckett's estate. The plaintiffs aver that the bankruptcy court's statements in a hearing on July 24, 1997 indicated a willingness by the bankruptcy court to remand the case to state court. Because of this expressed willingness to remand, allege plaintiffs, Alexander Hamilton filed a motion with this court to withdraw the reference in an effort to keep the case in a federal forum. Alexander Hamilton disputes this, contending that it is not playing judicial hopscotch, but rather has determined that it is the only genuine party to the present case. Because neither Puckett nor Puckett Insurance Company is a genuine party to the plaintiffs' action, Alexander Hamilton asserts, bankruptcy jurisdiction does not exist and the case should be withdrawn to this court on the basis of diversity jurisdiction.

## Analysis

The plaintiffs have requested a jury trial in the instant case and the question is not whether they will have it, but where it will be held. The plaintiffs, predictably, wish to have the trial in state court. Alexander Hamilton, equally predictably, wants the trial held in federal court. At some point after alleged indications were made that the bankruptcy court might remand the action, Alexander Hamilton filed this motion to withdraw the reference.

The district court can withdraw a reference to the Bankruptcy Court only "for cause shown." 28 U.S.C. § 157(d). While the Eleventh Circuit Court of Appeals has noted that the "for cause" limitation on withdrawal of reference is not a hollow requirement, see In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991), it has yet to firm the requirement's marrow. Other Circuit Courts addressing the "for cause" requirement have, however, given it some form. In In re Burger Boys, 94 F.3d 755, 762 (2$^{d}$ Cir. 1996), the Second Circuit Court of Appeals elaborated factors to be considered in determining if cause to withdraw a reference to the bankruptcy court exists:

> [I]n deciding whether to withdraw an issue from the bankruptcy court, the district court should weigh several factors, of which the first is the most important: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors. In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir.1993), cert. dismissed, --- U.S. ----, 114 S.Ct. 1418 [] (1994); see also Pruitt, 910 F.2d at 1168 (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir.1985)).

Demonstration of these factors places Alexander Hamilton in a bit of a bind. If this case is so meagerly related to the resolution of the bankruptcy issues in Puckett's case, then there is no good reason for this court to maintain jurisdiction over what is little more than a state law tort claim. At the same time, the plaintiffs attempt to convince the court that withdrawal of the reference is improper because, although there is no need to exercise of bankruptcy jurisdiction at the moment, the bankruptcy court is sufficiently competent to remand this action without this court's interference.

Puckett has an approved reorganization plan which states an intention that all creditors listed therein are to be paid in full. The plaintiffs' claims threaten to upset this reorganization plan, plaintiffs' disavowals of seeking relief against Puckett as an initial matter notwithstanding. Because a finding of liability could likely require the plaintiffs to return to bankruptcy court in order to effect their judgment against Puckett, administration of the estate is a significant issue that should likely be left to the bankruptcy court. The issue of remand, val non, is best left to the bankruptcy court.

## Conclusions

For the aforementioned reasons, Alexander Hamilton's motion for withdrawal of reference to the bankruptcy court will be **DENIED**.

This 9th day of March 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE